UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES PAUL,<br><br>       Plaintiff,<br><br>v.<br><br>WARDEN BAILEY and DEPUTY WARDEN MERVIN BATSON (M.B.),<br><br>       Defendants. | 09 Civ. 5784 (RO) |

**ORDER**

OWEN, District Judge:

  *Pro se* Plaintiff, a prison inmate, brings this action under 42 U.S.C. § 1983 against Warden Emmanuel Bailey ("Bailey") and Deputy Warden Mervin Batson ("Batson") (collectively "Defendants"), claiming that Defendants exhibited deliberate indifference to Plaintiff's serious medical condition in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Specifically, Plaintiff claims that while he was detained at the George Motcham Detention Center ("GMDC") and the Otis Bantum Correctional Center ("OBCC"), the prison-issued footwear he was provided caused lacerations, open wounds, and scarring of his feet, and that Defendants failed to provide him with medically-required footwear.

  Defendants moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6). Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report"), in which he recommended that Defendants' motion be denied. For the reasons set forth below, this Court agrees with the Report and adopts it in its entirety.

## BACKGROUND

The factual and procedural background of this action is provided in the Report and will not be repeated here in full. Plaintiff filed his original complaint on January 14, 2009, and was thereafter granted leave to amend to correct deficiencies in his pleading. After filing an Amended Complaint on August 2, 2009, Judge Rakoff granted Plaintiff leave to amend his complaint to assert facts supporting a claim against Warden Bailey, specifically demonstrating that he had "actual knowledge of the severity of his foot injuries." Plaintiff filed his Second Amended Complaint on August 31, 2010. (Docket Entry No. 26.) Defendants moved to dismiss on February 7, 2011. (Docket Entry No. 36.)

Magistrate Judge Francis issued a Report and Recommendation, in which he recommended that the motion to dismiss be denied. (Docket Entry No. 38.) Defendant filed an objection to the Report, to which Plaintiff replied. (Docket Entry Nos. 39, 42) This case was thereafter transferred to this Court. (Docket Entry No. 43.)

## DISCUSSION

A. **Standard of Review**

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an

obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making such determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *See Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002).

Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court also reviews the Report and Recommendation for clear error.

This standard of review must be applied while remaining cognizant of the court's obligation to construe a pro se litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)(citations omitted).

### B. Legal Standard Under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).

A district court considering such a motion must accept all factual allegations in the complaint as true, while also drawing all reasonable inferences in favor of the nonmoving party. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007); *Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir. 1999). The plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S at 555. To this extent, the complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft,* 556 U.S. at 679. In addition, the facts pled in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.,* 550 U.S. at 555. The determination of whether the allegations contained in the complaint are plausible rather than just conceivable requires a court to "draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 680.

The Court is under an obligation to read complaints provided by *pro se* litigations liberally and interpret them to "raise the strongest arguments" that could be suggested. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## C. <u>Eight Amendment Violation</u>

To establish a claim under the Eighth Amendment arising out of inadequate medical care, plaintiff must prove that defendant exhibited deliberate indifference to a serious medical need. *Mayo v. County of Albany*, 357 F.App'x 339, 341 (2d Cir. 2009); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d. Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Such a claim contains an objective "medical need" element and a subjective "deliberate indifference" element, which measure the severity of the alleged injury and the state of mind of the prison official, respectively. *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003).

There is no "settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2001). The Court of Appeals has set forth various non-exhaustive factors that courts use, however, including: 1) whether a condition is sufficiently serious such that a reasonable doctor or patient would consider it "important and worthy of treatment," 2) whether the medical condition significantly affects daily activities, and 3) "the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). As such, a serious medical condition can exist not only when it causes death and degeneration, but also when it causes the unnecessary and wanton infliction of pain. *Id.* An inmate therefore need not "demonstrate that he or she experiences pain that is at the limit of human ability to bear [nor that the] condition will degenerate into a life-threatening one." *Brock v. Wright*, 315 F.3d at 163.

Plaintiff has sufficiently alleged facts that could support his claim, at this preliminary stage, that he suffered from a serious medical condition as a result of Defendants' deliberate indifference. Plaintiff claims that as a result of lacerations on his feet caused by the prison-issued shoes, he experienced consistent and chronic pain that forced him to seek treatment on a daily basis. Specifically, Plaintiff asserts that within a week of being assigned the shoes, they caused lacerations and cuts severe enough to require treatment and that he was seen by two podiatrists and a dermatologist, who diagnosed Plaintiff with flat feet and prescribed alternative footwear. The chronic pain Plaintiff describes was significant enough to cause him to receive a medical modification card allowing him to wear alternative footwear, and to file four grievances before the Inmate Grievance Resolution Committee ("IGRC") complaining of the footwear policy.

While Plaintiff's condition was not life-threatening, it can be appropriately described as chronic, and is sufficiently serious to constitute a serious medical need for the purposes of establishing an Eighth Amendment claim arising out of inadequate medical care. *See Brock v. Wright*, 315 F.3d 158, 163 (2d Cir. 2003) (quoting *Chance*, 143 F.3d at 702).

An official acts with deliberate indifference when the official "knows of and disregards an excessive risk to inmate health and safety." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). Deliberate indifference is "something more than mere negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 834-85. The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [] must also draw the inference." *Id.* at 837.

The Report finds that Plaintiff has pled facts supporting a claim of deliberate indifference against Warden Bailey and Deputy Warden Batson. This Court concurs. Plaintiff has alleged facts that, if true, could support his claim that Defendants deliberately ignored Plaintiff's serious medical needs. Plaintiff alleges that Defendant Bailey was aware of Plaintiff's medical condition and had the authority to obtain alternative footwear but failed to do so. Specifically, Plaintiff alleges that he had a personal conversation with Warden Bailey on December 18, 2008, where he told the Warden of the nurses' diagnoses that his wounds were being caused by prison-issued footwear. According to Plaintiff, he told Defendant Bailey of the diagnoses made by the nurses that the lacerations and cuts were being caused his prison-issued shoes, who informed Plaintiff that "anyone with medical problems would be given their shoes or suitable ones." (Second Amended Complaint at 3.) Plaintiff also filed four grievances to the IGRC, which notified Plaintiff that he would be provided alternative footwear per the recommendation of the physicians he had visited. *See Johnson v. Wright*, 412 F.3d 398, 404 (2d Cir. 2005) ("a deliberate indifference claim can lie where prison officials deliberately ignore the medical recommendations of a prisoner's treating physicians.")

With regard to Defendant Batson, Plaintiff alleges that he was on notice of Plaintiff's medical condition and deliberately disregarded it. Specifically, Plaintiff alleges that Batson called Plaintiff to the clinic and took photographs of Plaintiff's feet, and thereafter made a phone call to obtain suitable footwear for him. When this effort was unsuccessful, Defendant Batson assigned the duty of tending to Plaintiff's medical needs to another individual. Later, Batson issued a Medical Modification Card to Plaintiff, authorizing him to wear supportive footwear. Despite the fact that Defendant Batson took initial steps aimed at helping Plaintiff obtain suitable

footwear, Plaintiff has alleged facts supporting a plausible inference that Batson exhibited deliberate indifference to Plaintiff's medical condition.

In their objection to the Report, Defendants claim that they were not deliberately indifferent to Plaintiff's medical condition because, as merely Department of Corrections employees and not physicians, they lack the authority to compel the property department to comply with a doctor's prescription and release special footwear for Plaintiff. Defendants' arguments are unavailing. Defendant is correct that supervisory officials cannot be held liable simply by virtue of their position of authority, but Plaintiff has alleged facts showing that Defendants had firsthand knowledge of Plaintiff's medical condition and need for alternative footwear, but ignored it. Simply because they are not physicians does not mean that Defendants are not responsible for ensuring that prisoners receive proper footwear or may ignore a doctor's orders.

Accordingly, holding the *pro se* Plaintiff to a lower pleading standard, Plaintiff has alleged facts that create a plausible inference that Defendants Bailey and Batson demonstrated deliberate indifference to Plaintiff's medical condition. At a later stage in this litigation, it may become clear that Plaintiff cannot adequately support his claims. But at this stage, under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's factual allegations must be accepted as true unless it is clear that it would be impossible for Plaintiff to establish a legally cognizable claim.


D. **Plaintiff's Reliance on Material from Earlier Pleadings and Opposition Papers**

Defendants also claim that Magistrate Judge Francis improperly relied on allegations and material provided in Plaintiff's Initial Complaint, First Amended Complaint, and opposition to

Defendants' motion to dismiss, rather than simply relying on Plaintiff's Second Amended Complaint.

Defendants are correct that, as a general rule, amended complaints supersede previously filed complaints, and that courts should not consider factual allegations made for the first time in opposition papers. Consistent with the Court's obligation to construe claims made by *pro se* litigants liberally, however, the Court finds that it is appropriate to consider all of Plaintiff's factual allegations, including those made in opposition papers, as further amending his Second Amended Complaint. *See Sommersett v. City of New York,* 2011 WL 2565301, at *3 (S.D.N.Y. 2011) ("where a *pro se* plaintiff has submitted other papers to the Court, such as legal memoranda, the Court may consider statements in such papers to supplement or clarify the plaintiff's pleaded allegations") *See also Gill v. Mooney,* 824 F.2d 192, 195 (2d Cir. 2010); *Cusamano v. Sobek,* 604 F.Supp.2d 416, 461 (N.D.N.Y. 2009) (the "mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations" previously made by plaintiff.)

In light of the mandate that filings made by *pro se* litigants be treated generously, and because the factual allegations made by *pro se* Plaintiff in his opposition papers are consistent with those in the initial complaint and amended complaints, this Court finds that Plaintiff's factual allegations were properly considered.

## CONCLUSION

This Court concurs with the Report and Recommendation of Magistrate Judge James Francis IV and hereby adopts it as the Order of this Court. Accordingly, Defendants' motion to dismiss Plaintiff's Second Amended Complaint is hereby DENIED.

SO ORDERED.

May 11, 2013

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE