USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
JAMES PAUL,                   :
                              :   09 Civ. 5784 (LAP)(JCF)
            Plaintiff,        :
                              :   ORDER ADOPTING REPORT &
     v.                       :   RECOMMENDATION
                              :
WARDEN BAILEY AND DEPUTY      :
WARDEN BATSON (M.B.),         :
                              :
            Defendants.       :
                              :
------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

   James Paul ("Plaintiff"), a pro se petitioner, brings this action pursuant to 42 U.S.C. § 1983 against Warden Emmanuel Bailey and Deputy Warden Mervin Batson (together "Defendants"). Plaintiff alleges that while he was in custody at the George Motchan Detention Center ("GMDC") and the Otis Bantum Correctional Center ("OBCC"), Defendants provided him with inadequate medical care, violating his rights under the Eight Amendment to the United States Constitution.  Specifically, Plaintiff alleges that during his detention, the prison-issued footwear caused lacerations, open wounds, and scarring of his feet, and that Defendant's failure to provide him with appropriate footwear violated his constitutional rights.

   On June 24, 2009, Plaintiff filed his complaint against Defendants.  [Dkt. no. 2].  On February 12, 2014,

1

Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  [Dkt. no. 57].  On April 30, 2012, Magistrate Judge James Francis issued a Report and Recommendation (the "Report") [dkt. no. 72] in which he recommended that Defendants' motion be granted.  On May 16, 2014, Plaintiff filed his Objections to the Report and Recommendation (the "Objections").  [Dkt. no. 73].  For the reasons set forth below, this Court adopts the Report in its entirety.

The factual and procedural background of this action is laid out in the Report and will not be repeated in full here. Briefly, to prove a deprivation of medical care claim, Plaintiff must show that Defendants exhibited a "[d]eliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Judge Francis found that while the severity of Plaintiff's injuries was a disputed issue of material fact inappropriate for determination on summary judgment, Report at 19, the facts did not indicate that Warden Bailey or Warden Batson was consciously deliberately indifferent to Plaintiff's injury.  Report at 21-24.  Accordingly, Judge Francis recommended that Defendant's motion be granted.

Upon review, Plaintiff's Objections are meritless. Plaintiff objects to Judge Francis' decision pertaining to Deputy Batson because he ignored the doctor's recommendation to

2

provide Mr. Paul with new shoes.  Objections at 4.  The Court agrees with Judge Francis' analysis that "[n]othing in the record suggests that this [Deputy Batson's] delegation of authority was reckless, or that the defendant knew that his instructions to find adequate footwear for [Plaintiff] would not yield results that day."  Report at 23.  Similarly, Plaintiff's objection that Warden Bailey was deliberately indifferent because he assumed Plaintiff was getting the necessary treatment, Objections at 5, is not supported by law or fact.

Having reviewed the Report as well as Plaintiff's objections and responses and having nonetheless found Judge Francis's decision to be correct and appropriate upon de novo review, see Fed. R. Civ. P. 72(b), the Report is hereby ADOPTED.

SO ORDERED.

Dated:   New York, New York
         September 11, 2014

_____
UNITED STATES DISTRICT JUDGE